UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBERT HUSTON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>G. STRATTON, Warden,<br><br>　　　　　Respondent. | 1:04-cv-06044-REC-TAG HC<br><br>REPORT AND RECOMMENDATION<br>TO DISMISS SECOND AMENDED PETITION<br>FOR WRIT OF HABEAS CORPUS<br>(Doc. 15) |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　The original petition was filed on August 3, 2004. (Doc. 1). On November 29, 2004, the Court ordered Petitioner to file an amended petition. (Doc. 9). In that order, the Court noted that the original petition did not indicate what claims had been exhausted in the California Supreme Court; the Order also advised Petitioner that failure establish that the claims were exhausted could result in a recommendation that the petition be dismissed. (Doc. 9, pp. 4-5).

　　　Petitioner filed a first amended petition on January 6, 2005. (Doc. 11). On February 23, 2005, the Court ordered Petitioner to file yet another amended petition because the first amended petition omitted several pages of the form petition and was not signed under penalty of perjury. (Doc. 14). On March 18, 2005, Petitioner filed his second amended petition. It raises four grounds for relief: (1) Petitioner was denied due process under the United States Constitution

1

because the trial court failed to properly instruct the jury on the mental state required for the crime of permitting the discharge of a weapon; (2) the trial court erred in amending the information during trial; (3) the trial court erred in failing to grant Petitioner's Marsden motion; and (5) the trial court erred in failing to grant Petitioner's Romero motion to strike a prior conviction.  (Doc. 15).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules governing § 2254 Cases.

    A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

    B.  Failure to State a Cognizable Federal Claim As To Grounds One and Three

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack

by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Further, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim as to either Ground One or Ground Three. Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. In addition, Petitioner's claims are entirely conclusory and unsupported by any evidence.

In Ground One, Petitioner argues that the trial court erred in failing to instruct the jury pursuant to CALJIC 2.02 and 3.31.5 as to the knowledge requirement for the crime of discharge of a weapon. (Doc. 15, p. 5). The issue of whether a jury instruction is a violation of state law is neither a federal question nor a proper subject for habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 68 (1991). ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). In addition, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989).

Petitioner attempts to state a federal claim by alleging that the failure of the trial court to properly instruct the jury violated Petitioner's "due process" rights. (Doc. 15, p. 5). However, Petitioner's broad assertion does not transform this claim into a federal one. Merely placing a

"due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion). A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner. Accordingly, Ground One fails to state a federal question.

Ground Three alleges that the trial court erred in failing to grant Petitioner's motion to replace his trial counsel with another attorney. (Doc. 15, p. 6). Here, Petitioner makes no contention of a federal constitutional violation, asserting instead that his lack of confidence in his trial attorney was "so pervasive and serious" that the trial court was required under state law to replace the attorney. (Id.) Petitioner does not indicate how this claim involves a violation of federal constitutional law. Since Ground Three only appears to involve an issue of state law, it is not a proper claim for habeas relief. Estelle v. McGuire, 502 U.S. at 68. Accordingly, Ground Three must also be dismissed for failure to state a federal law claim.

C. Failure To Exhaust State Remedies As To Grounds Two and Four

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998); Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999).

In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (9th Cir. 2000) (emphasis added).

The face of the second amended petition reflects that Petitioner directly appealed to the California Supreme Court by raising Grounds One (jury instructions) and Three (Marsden

5

motion). (Doc. 15, p. 3). It does not appear that Petitioner has ever presented Grounds Two and Four to the California Supreme Court, and therefore they are unexhausted. The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No 104-132, 110 Stat. 1214. Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C). The Court can also excuse exhaustion if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the application." 28 U.S.C. § 2254(b)(1)(B). In this case, Respondent has not waived exhaustion. In addition, California provides avenues for Petitioner to pursue state claims. For example, Grounds Two and Four could have been presented in a petition for writ of habeas corpus. See Cal. Penal Code §§ 1473 - 14758. Finally, there are not sufficient circumstances in this case for the Court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and to find that California's corrective processes are ineffective to protect Petitioner's rights.

It bears emphasis that Petitioner has been given two prior opportunities to amend his petition to assert only exhausted claims and to allege facts from which the Court could conclude that the asserted claims were exhausted. The Court has previously explained to Petitioner in detail the exhaustion requirement and the consequences for filing a petition that contains unexhausted claims. It does not appear, therefore, that any purpose would be served by permitting Petitioner to amend his petition for a third time regarding Grounds Two and Four. Moreover, given the Court's recommendation that Grounds One and Three be dismissed, no purpose would be served by permitting Petitioner leave to withdraw the remaining, unexhausted claims.[1]

---

[1] The Court notes that, along with the second amended petition, Petitioner filed a ten-page handwritten series of legal arguments presumably meant to supplement the claims in the second amended petition. (Doc. 15). In the first six pages of the attachment, Petitioner discusses in detail Grounds One, Two, and Four. It appears from Petitioner's arguments in that attachment, that, even were Grounds Two and Four exhausted, they would suffer from

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the second amended petition for writ of habeas corpus (Doc. 15) be DISMISSED with prejudice for failure to state a claim cognizable under 28 U.S.C. § 2254 and for failure to fully exhaust claims in state court.

This Report and Recommendation is submitted to the Honorable Robert E. Coyle, Senior United States District Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 29, 2005**            /s/ Theresa A. Goldner
j6eb3d                     UNITED STATES MAGISTRATE JUDGE

---

the same infirmities as the other grounds, i.e., they do not state federal constitutional claims that entitle Petitioner to habeas relief but instead exclusively involve questions of state law. The attached brief does contain a detailed argument that Petitioner's sentence constitutes "cruel and unusual" punishment. While this issue certainly raises a federal question, Petitioner has never included this claim in his second amended petition and, in any event, it is clear from the information Petitioner has provided in the second amended petition, that the issue is unexhausted since he has never presented it to the California Supreme Court.